THE UNDERFEED STOKER COMPANY, DEFENDANT IN ERROR. v. THE HUDSON COUNTY CONSUMERS' BREWING COMPANY, PLAINTIFF IN ERROR.

Argued March 3, 1904—Decided June 20, 1904.

A contract to furnish a "mechanical stoker" contained a guarantee that its use would produce a net saving of ten per cent. over that obtained by hand-firing, and specified the mode of determining whether the guarantee was fulfilled. There was evidence that some test had been made. At the close of all the evidence a motion to direct a verdict for defendant was made on the ground that the test made showed that the guarantee had not been fulfilled. Plaintiff, in opposing the motion, did not claim that the test showed fulfillment of the guarantee, but claimed that the test made was not that required by the contract, and that such a test as required had been demanded by it and refused by defendant. *Held*—

1. That it was not erroneous to deny the motion, there being some evidence that the test made was not that required.

2. That it was not erroneous to submit to the jury the question whether the test shown was that required to be made, there being some evidence to that effect; the sufficiency of the evidence is not open to review on error.

3. There being uncontradicted evidence that plaintiff had demanded permission to make the test required by the contract and that defendant had refused to permit it, it was not erroneous to instruct the jury that, if they found that the test made was not that required, the liability of defendant was established. Whether the verdict in that case was to be for the contract price or on a *quantum meruit*, was not raised by the exceptions or argued before this court.

This was an action to recover the price of two "Jones Underfeed Mechanical Stokers," which defendant in error, by a written proposition, dated December 13th, 1900, offered to furnish to plaintiff in error, and connect with certain of its boilers, for the price of $1,583.

The proposition contained the following guarantee, among others: "We will guarantee you a direct net saving of 10 per cent. over that which can be obtained by hand-firing." It provided for a test respecting such guarantee in the following language:

"In order to demonstrate the difference in economy between the hand-fired boiler and the stoker-fired boiler, metres are to be applied to the feed pipe of each, so that the amount of water passing into each boiler shall be properly measured. The coal to be used in each boiler must also be weighed in order to demonstrate the amount of water that has been evaporated in a given time from the consumption of a given quantity of coal. This system will clearly demonstrate the difference in economy between the two systems and must be the deciding factor in this contract, it being understood and agreed that on our fulfillment of this guarantee you are to pay us the sum of one thousand five hundred and eighty-three dollars ($1,583.00), half this amount in 30 days after the test has been completed and the balance 30 days thereafter, or settlements may be made at an earlier date, if you choose.

"In the event of our failure to fulfill these guarantees from the methods as herein described, the deciding factors in this case, *i. e.*, metreing of the water and weighing of the coal, our stoker and equipment, if so ordered by you, is to be removed and this contract shall be considered void, and the Hudson County Consumers' Brewing Co. not be liable for any charges whatsoever."

The proposition was accepted on the terms contained therein.

For the plaintiff in error, *William S. Stuhr*.

For the defendant in error, *William D. Edwards*.

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The assignments of error are directed to the refusal of the trial judge to direct a verdict in favor of the plaintiff in error (who was the defendant below), and to instructions to the jury.

The bills of exception disclose that the stokers which were the subject of the contract shown in the prefatory statement

were afterward connected with a boiler belonging to plaintiff in error, and that on November 1st, and November 4th, 1901, a test of some sort was made respecting the saving obtained by the use of said stokers over "hand-firing." Whether the test exhibited a net saving of ten per cent. was in question.

After all the evidence was in, counsel for plaintiff in error requested the trial judge to direct a verdict in its favor. The request was made upon the sole ground that the evidence showed that, by the use of the stokers in question, there was not a net saving of ten per cent. over hand-firing. In response to the motion, counsel for defendant in error did not claim that the evidence showed the net saving which was guaranteed, but only that the alleged test was not that which was required by the contract, and that defendant in error had afterward requested plaintiff in error to permit a test to be made under proper conditions, which request was refused.

The motion for the direction of a verdict was properly denied. Assuming, as was stated, that the alleged test had not shown the guaranteed saving, the contest between the parties was narrowed to the question whether that was the test required by the contract, and if not, whether another test had been demanded and refused. As there was contradictory evidence on the first of these questions, the case was one for the jury, and there was no error in refusing to withdraw it from them.

The trial judge then submitted to the jury the question whether the test of November 1st and November 4th was such as was required by the contract, and this submission is assigned for error. But as there was evidence tending to support the view that the test then made was not that required by the contract, this submission was not erroneous. We cannot review the sufficiency of the evidence to that effect.

The trial judge then instructed the jury that if they reached the conclusion that the test made at the time stated was not that required by the contract, then their verdict

should be for the defendant in error, because plaintiff in error had refused to permit any further test to be made. This instruction was based on the uncontradicted evidence that a demand for a further test had been made by defendant in error and refused by plaintiff in error. By a letter from defendant in error, addressed to plaintiff in error, dated November 29th, 1901, such a demand was made. By the reply of plaintiff in error, dated December 4th, 1901, the defendant in error was notified that no contract existed between them, and as "the stoker had not given the results represented" it should be removed by it.

The contract shown in this case was executory in character and the plaintiff in error was entitled to rescind it if the test which was required by its terms failed to show that the stoker fulfilled the requirements of the trial. *Smith* v. *York Manufacturing Co.,* 29 *Vroom* 242. Upon evidence proper to be submitted to them, the jury were instructed to find whether the required test had been made. If they found it had not been made, the court was bound to give them instructions as to the liability of the defendant in error. In performing that duty, the instruction excepted to was based upon the uncontradicted evidence of a demand that the required test should be made, or permitted to be made, and an unqualified refusal. The instructions were that, finding no test as required, and a demand and refusal, the verdict should be for plaintiff in error. The exception and assignment of error brings into review this instruction.

As this contract was in writing there is no question of the statute of frauds, as in the case of *Mechanical Boiler Cleaner Co.* v. *Kellner,* 33 *Vroom* 544.

No objection was made below to this instruction on the ground that it directed a verdict for the contract price of the stoker. Nor has it been urged here that it was erroneous in that respect. Whether, when the stoker was on the premises of plaintiff in error and connected with its boiler, its refusal to permit the test required by the contract to be made established a liability to pay the whole contract price,

or only a *quantum meruit,* has not been argued. As the declaration contained the common counts, and as there was evidence of value at least as great as the contract price, and no contradictory evidence, the question seems to be unimportant. It was not erroneous to direct a finding of liability if the required test had been refused when seasonably sought.

No error being found, the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 11.

*For reversal*—None.